FILED
SUPERIOR COURT
OF GUAM

2019 FEB -4 PM 2: 15

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>KEITH JOHN CRUZ,<br><br>                  Defendant. | CRIMINAL CASE NO. CF0755-18<br><br>DECISION AND ORDER |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 28, 2019, for hearing on Defendant Keith John Cruz's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Public Defender Richard S. Dirkx, and Assistant Attorney General Thomas R. Neuman was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on January 28, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

### BACKGROUND

On December 27, 2018, Defendant was indicted with the following charges: (1) Manufacturing a Schedule I Controlled Substance (As a First Degree Felony); (2) Strangulation (As a Third Degree Felony); and (3) Family Violence (As a Misdemeanor). (Indictment, Dec. 27, 2018). These charges stem from allegations that during an argument, Defendant grabbed

and threw his girlfriend against the wall of a tool shed and held a screwdriver against her neck, and then subsequently pushed her onto the ground and placed a stick-like object around her neck and choked her. (Magistrate's Compl., Decl. of Thomas R. Neuman, Dec. 20, 2018). During a search of the residence after the incident, officers found green leafy objects in Defendant's room which tested presumptive positive as marijuana plants. *Id.*

On January 16, 2019, Defendant filed a Motion and Application for Bail Redetermination Hearing under 8 G.C.A. § 40.50 for Release on Personal Recognizance. Defendant is confined pending the posting of $5,000 cash bail. *See* Commitment Order, Dec. 20, 2018. The Government did not file a written response to the motion, but orally opposed the motion on January 28, 2019.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollar ($5,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Jan. 16, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (i)    length of his/her residence on Guam;
    (ii)    his/her employment status and history, and financial condition;
    (iii)    his/her family ties and relationships;
    (iv)    his/her reputation, character and mental and physical condition;
    (v)    his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
    (vi)    his/her history relating to drug or alcohol abuse;

(vii)    the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii)    whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix)    his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a 48-year-old lifelong resident of Guam; has a moderate ORAS-PAT score; and has been testing negative in his traditional drug court case since July 2018. *See* Mot. Bail Redetermination at 4. Defendant further states that he currently has a part-time job as a mechanic for a tour company so that he can pay off the fines in his traditional drug court case, and helps support two minor children. *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and whether Defendant will appear in court when required. Although he entered a plea in his traditional drug court case, CF0528-16, in June 2018, there have been several violation reports filed indicating Defendant has failed to report to probation, as ordered. *See* 1st Violation Report, Oct. 9, 2018 (failure to report three times a week in September); 2nd violation Report, Nov. 6, 2018 (failure to report two times a week in October); and 3rd Violation Report, Jan. 14, 2019 (failure to report two times a week in December prior to being arrested in the instant case). Further, the Court is greatly concerned about the serious nature of the Strangulation and Family Violence offenses charged. Defendant is accused of throwing the victim against a wall and on the ground; choking her; and using "tire repair tool" and a "wooden stick" against the victim's neck.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community or Defendant's further appearance in court. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for ~~February 4, 2019~~ MARCH 12, 2019 at 9:00 AM.

**IT IS SO ORDERED,** *nunc pro tunc* to January 28, 2019, this **FEB 04 2019** .

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

___AG + PDSC___

FEB 04 2019
Date:_____Time:_____

*Cynthia T. Tiong*
Deputy Clerk, Superior Court of Guam

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Cruz*
Case No. CF0755-18
Decision and Order